GLADDING (STEVENS v.). See Cases Nos. 13,399 and 13,400.

GLADIOLUS, The (ALBANY DREDGING CO. v.). See Case No. 132.

## Case No. 5,469.

### GLADSTONE et al. v. CHAMBERLAIN et al.

[1 Am. Law Rev. 587.]

Circuit Court. S. D. New York. 1867.

PAYMENT "IN CASH"—CONSTRUCTION OF CONTRACT—USAGE.

[The question whether a written contract, made at Ceylon, to pay "in cash" for goods deliverable at New York, means a payment in specie,—gold or silver,—is one of intention; but the intention is to be reached by the court from the terms of the contract, either as the words themselves import, or as they are explained by local custom, or usage.]

[This was a suit on a charter party by Lawrence Gladstone and others against William Chamberlain and others. See Case No. 5,471.]

NELSON, Circuit Justice. The real question in this case is embraced under the issue presented by the second plea, and to which there is a demurrer. That question is, whether or not the contract at the island of Ceylon, in the charter party, to pay for goods deliverable at New York, "in cash," means a payment in specie,—gold or silver. My opinion is, if that is the true interpretation of the agreement, then the libellants are entitled to specie, or its equivalent in New York. The question does not turn upon the intention of the parties outside of the terms or words of the agreement: they are to be interpreted by the court; and such conclusion is to be arrived at as the words themselves import, or as the words, explained by local custom or usage, import.

There is another difficulty arising out of the second plea, and that is as to the effect of the payment and acceptance as averred therein. To disembarrass the case from the pleadings, and enable the parties to present the real question to the court, we shall give judgment in favor of the demurrer, and against the special plea, leaving the case to be tried on the general issue, when the meaning of the phrase "to be paid in cash" may be explained by the usage and custom of the trade, if any such custom or usage exists.

[See Case No. 5,470.]